```
UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     NOT FOR PUBLICATION
JONATHAN STATEN,

                    Plaintiff,
                                                                  **MEMORANDUM and ORDER**
         — against —
                                                                  09-CV-130 (SLT)(LB)
IN OFFICIAL - INDIVIDUAL CAPACITY
PERSONNEL OF BANK OF NEW YORK;
PERSONNEL OF CITIBANK; CITY OF
NEW YORK; EXECUTIVE MANAGERS AND
ADMINISTRATORS AT CITIBANK; BIVENS
CLAIMS 403US399 JOHN DOE #1; JOHN
DOE #2; JOHN DOE #3; JOHN DOE #4;
JOHN DOE #5,

                    Defendants.
------------------------------------------------------------X
```
**TOWNES, United States District Judge:**

On July 2, 2008, plaintiff Jonathan Staten filed this *pro se* action in the United States District Court for the Southern District of New York. By Order dated December 17, 2008, the case was transferred to this Court because plaintiff alleged conduct that occurred in Kings County. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to replead within 30 days as set forth below.

## BACKGROUND

Plaintiff alleges that in 1998:

> There was illegal transactions by John Doe Bank Personnell from my lawyer that I put some money in the Bank after that I had got arrested and was put in jail. From that it gave some of these people time to go into my bank account to steal my money. I have
> Facts) Plaintiff was awarded money thru accident claim.
> Facts) Somehow, the Bank released funding without knowledge.
> My family was there for me when I came upon some money my two sisters have more information.
> At time incapsitated or mentally ill.

(Compl. at 3, ¶ III). Plaintiff seeks an investigation and $5 million in compensation. (Compl. at 4, ¶ V).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

**DISCUSSION**

Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. (Compl. at 2, ¶ II). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for lack of subject matter jurisdiction if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

To the extent his claims can be discerned, plaintiff appears to allege that, while he was in jail in 1998, an unidentified bank allowed unidentified people access to his bank account, which contained the proceeds of an accident claim. Plaintiff's sparse statement of claim fails to demonstrate a basis for the Court's federal question jurisdiction.

Instead of dismissing the claim pursuant to 28 U.S.C. § 1915(e)(2)(B), in an abundance of caution and in light of plaintiff's *pro se* status this Court grants plaintiff leave to establish subject matter jurisdiction by filing an Amended Complaint within 30 days from the entry of this Memorandum and Order. *See Gomez v. Cruz*, 202 F.3d 593, 597–98 (2d Cir. 2000). Plaintiff must provide a short and plain statement of claim against each defendant named in the caption and in the body of the amended complaint. Fed. R. Civ. P. 8. Plaintiff must disclose sufficient information to permit the defendant(s) "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). If plaintiff elects to file an amended complaint, that submission must be captioned "AMENDED COMPLAINT" and bear the docket number 09-CV-0130 (SLT).

## CONCLUSION

Plaintiff is granted *in forma pauperis status* pursuant to 28 U.S.C. § 1915 and is granted 30 days within which to file an amended complaint. If plaintiff fails to replead within the time allowed, judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and as a result *in forma pauperis*

status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 22, 2009

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge